UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO MARTINEZ,<br><br>            Plaintiff,<br><br>    v.<br><br>D. DAVEY, et al.,<br><br>            Defendants. | **CASE No. 1:16-cv-1658-MJS (PC)**<br><br>**ORDER DISMISSING CASE WITH LEAVE TO AMEND**<br><br>**(ECF NO. 1)**<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff is a former state prisoner proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to the jurisdiction of a magistrate judge. (ECF No. 9.) Plaintiff's June 20, 2016, Complaint is before the Court for screening.[1]

I.      **Screening Requirement**

The  in  forma  pauperis statute provides, "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

II.     **Pleading Standard**

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States."

---

[1] This case was transferred from the Northern District of California on November 2, 2016. (ECF Nos. 6, 7.)

1   Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).

2   Section 1983 is not itself a source of substantive rights, but merely provides a method for

3   vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94

4   (1989).

5   To state a claim under § 1983, a plaintiff must allege two essential elements:

6   (1) that a right secured by the Constitution or laws of the United States was violated and

7   (2) that the alleged violation was committed by a person acting under the color of state

8   law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d

9   1243, 1245 (9th Cir. 1987).

10  A complaint must contain "a short and plain statement of the claim showing that

11  the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations

12  are not required, but "[t]hreadbare recitals of the elements of a cause of action,

13  supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S.

14  662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

15  Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief

16  that is plausible on its face." Id. Facial plausibility demands more than the mere

17  possibility that a defendant committed misconduct and, while factual allegations are

18  accepted as true, legal conclusions are not. Id. at 677-78.

19  **III.    Plaintiff's Allegations**

20  At all relevant times Plaintiff was an inmate housed at Corcoran State Prison in

21  Corcoran, California ("CSP"). He names the following individuals as Defendants: D.

22  Davey, CSP Warden; the unidentified Chief Medical Officer at CSP; and (presumably) 27

23  John and Jane Does. These Defendants are named in their official and individual

24  capacities.

25  In the complaint, Plaintiff's allegations are bare: "I'm under multiple violation [sic]

26  of my right 1st 5th 6th 14th amendment hindering outgoing mail denied adequate medical

27  care 8th amend [sic] violation victim of assault and battery. Having problem with my back

28

1   need a cane to walk. I receive injury breach of contract. … Victim of assault and battery

2   by 27 officers at [CSP]."

3          Attached to the complaint are nearly 150 pages of health care service request

4   forms and medical records. A cursory review of these attachments reveals complaints

5   concerning the provision of medical care that Plaintiff has received while housed at CSP.

6          Plaintiff seeks monetary damages.

7   **IV.    Analysis**

8          **A.    Short and Plain Statement**

9          Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and

10  plain statement of the claim showing that the pleader is entitled to relief[.]" The minimal

11  and unadorned allegations in Plaintiff's complaint do not meet this minimum requirement.

12         Moreover, the Court will not examine 150 pages of attachments to the complaint

13  to try to determine if, somewhere therein, might lay facts giving rise to a cognizable

14  cause of action. Even if the factual elements of a cause of action are contained

15  somewhere within those pages, Plaintiff's failure to organize them into a "short and plain

16  statement of the claim" is grounds for dismissal for failure to satisfy Rule 8(a).   Sparling

17  v. Hoffman Constr. Co., 864 F.2d 635, 640 (9th Cir. 1988); cf. Fed. R. Civ. P. 8(d)(1)

18  ("Each allegation must be simple, concise, and direct"). The Rule requirements can be

19  met within 15 or 20 typewritten pages, or equivalent handwritten pages, without

20  attachments. (In this latter regard Plaintiff is advised that factual allegations in his

21  complaint will be taken as true at this stage of the proceedings; he need not and shall

22  not provide supporting evidence now.)

23         Accordingly, Plaintiff's complaint will be dismissed with leave to amend. The Court

24  will, however, provide the following legal standards that must be considered if Plaintiff

25  chooses to file an amended complaint.

26         **B.    Linkage and Supervisory Liability**

27         Under Section 1983, a plaintiff bringing an individual capacity claim must

28  demonstrate that each Defendant personally participated in the deprivation of his rights.

1    See Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There must be an actual

2    connection or link between the actions of the Defendants and the deprivation alleged to

3    have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691,

4    695 (1978).

5         Government officials may not be held liable for the actions of their subordinates

6    under a theory of respondeat superior. Monell, 436 U.S. at 691. Since a government

7    official cannot be held liable under a theory of vicarious liability in § 1983 actions,

8    Plaintiff must plead sufficient facts showing that the official has violated the Constitution

9    through his own individual actions by linking each named Defendant with some

10   affirmative act or omission that demonstrates a violation of Plaintiff's federal rights. Iqbal,

11   556 U.S. at 676.

12        Liability may be imposed on supervisory defendants under § 1983 only if the

13   supervisor: (1) personally participated in the deprivation of constitutional rights or

14   directed the violations or (2) knew of the violations and failed to act to prevent them.

15   Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Taylor v. List, 880 F.2d 1040, 1045

16   (9th Cir. 1989). Defendants cannot be held liable for being generally deficient in their

17   supervisory duties.

18        **C.    Eleventh Amendment Immunity**

19        "The Eleventh Amendment bars suits for money damages in federal court against

20   a state, its agencies, and state officials in their official capacities." Aholelei v. Dept. of

21   Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted). However, the

22   Eleventh Amendment does not bar suits seeking damages against state officials in their

23   personal capacities, Hafer v. Melo, 502 U.S. 21, 30 (1991); Porter v. Jones, 319 F.3d

24   483, 491 (9th Cir. 2003), or suits for declaratory or injunctive relief brought against state

25   officials in their official capacities, Austin v. State Indus. Ins. System, 939 F.2d 676, 680

26   fn.2 (9th Cir. 1991).

27

28

1

### D. John and Jane Doe Defendants

2       The use of Doe defendants is generally disfavored in federal court. Wakefield v.

3   Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (quoting Gillespie v. Civiletti, 629 E.2d

4   637, 642 (9th Cir. 1980)). Plaintiff is hereby informed that the Court cannot order the

5   Marshal to serve process on any Doe defendants until such defendants have been

6   identified. See, e.g., Castaneda v. Foston, No. 1:12-cv-00026 WL 4816216, at *3 (E.D.

7   Cal. Sept. 6, 2013). Plaintiff may, under certain circumstances, be given the opportunity

8   to identify unknown defendants through discovery prior to service. Id. (plaintiff must be

9   afforded an opportunity to identify unknown defendants through discovery unless it is

10  clear that discovery would not uncover their identities).

11      ### E. Eighth Amendment

12      The treatment a prisoner receives in prison and the conditions under which the

13  prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits

14  cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer

15  v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment "... embodies broad and

16  idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v.

17  Gamble, 429 U.S. 97, 102 (1976).

18      A prison official violates the Eighth Amendment only when two requirements are

19  met: (1) objectively, the official's act or omission must be so serious such that it results in

20  the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the

21  prison official must have acted unnecessarily and wantonly for the purpose of inflicting

22  harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison

23  official must have a "sufficiently culpable mind." See id.

24      #### 1. Medical Indifference

25      A claim of medical indifference requires: 1) a serious medical need, and 2) a

26  deliberately indifferent response by defendant. Jett v. Penner, 439 F.3d 1091, 1096 (9th

27  Cir. 2006).  A serious medical need may be shown by demonstrating that "failure to treat

28  a prisoner's condition could result in further significant injury or the 'unnecessary and

5

1 wanton infliction of pain.'" Id.; see also McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th

2 Cir. 1992) ("The existence of an injury that a reasonable doctor or patient would find

3 important and worthy of comment or treatment; the presence of a medical condition that

4 significantly affects an individual's daily activities; or the existence of chronic and

5 substantial pain are examples of indications that a prisoner has a 'serious' need for

6 medical treatment.").

7    The deliberate indifference standard is met by showing: a) a purposeful act or

8 failure to respond to a prisoner's pain or possible medical need, and b) harm caused by

9 the indifference. Id. "Deliberate indifference is a high legal standard." Toguchi v. Chung,

10 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not

11 only 'be aware of the facts from which the inference could be drawn that a substantial

12 risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057

13 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the

14 risk, but was not, then the official has not violated the Eighth Amendment, no matter how

15 severe the risk.'" Id. (brackets omitted) (quoting Gibson v, Cnty. of Washoe, 290 F.3d

16 1175, 1188 (9th Cir. 2002)). "[A]n inadvertent failure to provide adequate medical care"

17 does not, by itself, state a deliberate indifference claim for § 1983 purposes. McGuckin,

18 974 F.2d at 1060 (internal quotation marks omitted); See also Estelle, 429 U.S. at 106

19 ("[A] complaint that a physician has been negligent in diagnosing or treating a medical

20 condition does not state a valid claim of medical mistreatment under the Eighth

21 Amendment. Medical malpractice does not become a constitutional violation merely

22 because the victim is a prisoner."). "A defendant must purposefully ignore or fail to

23 respond to a prisoner's pain or possible medical need in order for deliberate indifference

24 to be established." McGuckin, 974 F.2d at 1060.

25    **2. Excessive Force**

26    When prison officials stand accused of using excessive force, the core judicial

27 inquiry is "... whether force was applied in a good-faith effort to maintain or restore

28 discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S.

1, 6-7 (1992); <u>Whitley v. Albers</u>, 475 U.S. 312, 320-21 (1986). The "malicious and sadistic" standard, as opposed to the "deliberate indifference" standard applicable to most Eighth Amendment claims, is applied to excessive force claims because prison officials generally do not have time to reflect on their actions in the face of risk of injury to inmates or prison employees. <u>See</u> <u>Whitley</u>, 475 U.S. at 320-21. In determining whether force was excessive, the court considers the following factors: (1) the need for application of force; (2) the extent of injuries; (3) the relationship between the need for force and the amount of force used; (4) the nature of the threat reasonably perceived by prison officers; and (5) efforts made to temper the severity of a forceful response. <u>See</u> <u>Hudson</u>, 503 U.S. at 7. The absence of an emergency situation is probative of whether force was applied maliciously or sadistically. <u>See</u> <u>Jordan v. Gardner</u>, 986 F.2d 1521, 1528 (9th Cir. 1993) (en banc). The lack of injuries is also probative. <u>See</u> <u>Hudson</u>, 503 U.S. at 7-9. Finally, because the use of force relates to the prison's legitimate penological interest in maintaining security and order, the court must be deferential to the conduct of prison officials. <u>See</u> <u>Whitley</u>, 475 U.S. at 321-22.

### F. First Amendment

Prisoners have a "First Amendment right to send and receive mail." <u>Witherow v. Paff</u>, 52 F.3d 264, 265 (9th Cir. 1995). Furthermore, prison officials cannot read legal mail, although they may scan it and inspect it for contraband. <u>Nordstrom v. Ryan</u>, 762 F.3d 903, 906 (9th Cir. 2014).

Interference with outgoing prisoner mail is justified under the First Amendment if the following criteria are met: (1) the regulation furthers "an important or substantial government interest unrelated to the suppression of expression" and (2) "the limitation on First Amendment freedoms must be no greater than is necessary or essential to the protection of the particular governmental interest involved." <u>Procunier v. Martinez</u>, 416 U.S. 396, 413 (1974) (limited by <u>Thornburgh v. Abbott</u>, 490 U.S. 401, 413-14 (1989), only as test relates to incoming mail).

1   **V.   Conclusion**

2          Based on the foregoing, Plaintiff's complaint fails to state a claim and must be

3   dismissed. If Plaintiff chooses to amend his complaint, he may not rely on the contents of

4   his attachments. He must instead assert specific facts linking his allegations to particular

5   Defendants, as discussed <u>supra</u>. A first amended complaint must state what each

6   named Defendant did that led to the deprivation of his constitutional rights. <u>Iqbal</u>, 556

7   U.S. at 676-77. Plaintiff should carefully read this Screening Order and focus his efforts

8   on curing the deficiencies set forth above.

9          Plaintiff is also advised that Local Rule 220 requires that an amended complaint

10  be complete in itself without reference to any prior pleading.  As a general rule, an

11  "amended complaint supersedes the original" complaint.  <u>See</u> <u>Loux v. Rhay</u>, 375 F.2d

12  55, 57 (9th Cir. 1967).  Once an amended complaint is filed, the original complaint no

13  longer serves any function in the case.  Therefore, in an amended complaint, as in an

14  original complaint, each claim and the involvement of each defendant must be

15  sufficiently alleged. The amended complaint should be clearly and boldly titled "First

16  Amended Complaint," refer to the appropriate case number, and be an original signed

17  under penalty of perjury. Plaintiff's amended complaint should be brief.  Fed. R. Civ. P.

18  8(a).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a

19  right to relief above the speculative level . . . ." <u>Twombly</u>, 550 U.S. at 555 (citations

20  omitted).

21         Accordingly, it is HEREBY ORDERED that:

22         1.      Plaintiff's June 20, 2016, Complaint (ECF No. 1) is dismissed with leave to

23  amend;

24         2.      Plaintiff shall file a First Amended Complaint within thirty days from the

25  date of this Order;

26         3.      Absent further Order of this Court for good cause shown, Plaintiff's First

27  Amended Complaint shall be no longer than 20 pages and include **no attachments**;

28  and,

1    4.    Plaintiff's failure to file an amended complaint meeting the above criteria

2  within thirty days will result in a recommendation that this action be dismissed without

3  prejudice for failure to prosecute and failure to comply with a court order.

4

5  IT IS SO ORDERED.

6    Dated:   January 3, 2017                /s/ *Michael J. Seng*

7                                           UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9