UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO MARTINEZ, | CASE No. 1:16-cv-1658-MJS (PC) |
| Plaintiff, | **ORDER DISMISSING SECOND AMENDED COMPLAINT WITHOUT LEAVE TO AMEND** |
| v. | |
| D. DAVEY, et al., | **(ECF NO. 23)** |
| Defendants. | **CLERK TO CLOSE CASE** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to the jurisdiction of a magistrate judge. (ECF No. 9.) Plaintiff's Second Amended Complaint is before the Court for screening.

**I.  Screening Requirement**

The in forma pauperis statute provides, "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

**II.  Pleading Standard**

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).

Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

## III. Relevant Procedural Background

Plaintiff initiated this action on June 20, 2016, in the Northern District of California asserting claims arising under the First, Fifth, Sixth, Eighth, and Fourteenth Amendments based on conduct occurring at California State Prison ("CSP") in Corcoran, California. Plaintiff named D. Davey, the CSP Warden; the unidentified Chief Medical Officer at CSP; and approximately 27 Doe Defendants. Upon review of the allegations asserted in the complaint, the case was transferred to this court on November 2, 2016. (ECF No. 7.)

On January 4, 2017, Plaintiff's complaint was dismissed for failure to state a claim. His allegations were found woefully insufficient to state a cognizable claim, and the undersigned declined to review the 150 pages of attachments to his complaint to determine if they included facts giving rise to a cognizable cause of action. (ECF No. 11.)

Plaintiff's First Amended Complaint was then screened on April 7, 2017. (ECF No. 20.) There, Plaintiff asserted a number of unrelated claims against D. Davey, a warden whom Plaintiff no longer associated with CSP (instead, with California Substance Abuse Treatment Facility / State Prison in Corcoran, California ("CSATF")); Dr. Scharffenberg, a primary care physician ("PCP") at CSATF; Dr. J. Lewis, the Deputy Director of an unspecified department / agency; and the Federal Receiver "who controls the prison's medical care." That pleading was also dismissed, though this time for failure to comply with Federal Rule of Civil Procedure 20's joinder requirement since it included a number of claims that did not arise from the same or a related transaction. In addition, Plaintiff's allegations against Warden Davey, Dr. Lewis, and the Federal Receiver were dismissed for failure to link these Defendants to any deprivation of Plaintiff's rights.

**IV.     Plaintiff's Allegations**

In the Second Amended Complaint, Plaintiff brings suit against D. Davey, the Warden now again associated with CSP; Dr. Anthony Enenmoh, a physician at CSP; Dr. Edgar Clark, a physician at CSP; Dr. Scharffenberg, Plaintiff's PCP at CSATF; Dr. J. Lewis, the Deputy Director of an unspecified department / agency; L.W. Muniz, Warden of Salinas Valley State Prison ("SVSP") in Soledad, California; E. Gitova, a nurse at SVSP; Dr. Lawrence Gamboa; and the Federal Receiver "who controls the prison's medical care."

As with his First Amended Complaint, Plaintiff's operative pleading includes a number of unrelated allegations, some of which are summarized here to demonstrate how distinct they are:

**A.     Allegations against Dr. Scharffenberg**

On December 12, 2015, Dr. Scharffenberg denied a recommendation from a neurosurgeon specializing in spinal cord tumors. In addition, Plaintiff alleges, but without relevant supporting facts, that Dr. Scharffenberg failed to (1) provide an MRI of Plaintiff's cervical spine, (2) perform a second MRI to the lumbar spine, (3) provide a wedge pillow, (4) provide a Tens unit for pain relief as ordered by neurosurgeon specialists, (5) provide

for a pulmonary specialist, (6) remove cataracts, (7) provide a wheelchair, and (8) provide a CT scan of Plaintiff's abdomen and pelvis.

### B. Allegations against Nurse Gitova and John Doe

On September 18, 2016, Plaintiff submitted a sick call to Nurse Gitova for trouble breathing with severe chest pain. Plaintiff also requested that his sugar levels be checked and for "emergency additional medical services." Instead of treating Plaintiff, Nurse Gitova directed that he be returned to his cell.

When Plaintiff was placed in waist restraints for the cell return, he fainted and fell. John Doe, an individual employed in the medical triage, applied a treatment of ammonia on the side of Plaintiff's nose to revive him. This caused a severe burn on the inside and outside of Plaintiff's nose. Plaintiff was then returned, unresponsive, to his assigned bed.

### C. Allegations against Warden Muniz

On November 28, 2016, Plaintiff accidentally spilled coffee. When Plaintiff went to get a towel to wipe the spill, he returned to find another inmate cleaning it. Plaintiff alleges his right of access to the courts was somehow denied by Warden Muniz in the context of this incident.

In September 2016, October 2016, and January 2017, Plaintiff submitted requests for an Olsen review of his health records. Warden Muniz allegedly failed to provide these records.

### D. Allegations against Doe Defendants

On December 26, 2016, Plaintiff was escorted to the shower by a female correctional officer. Once there, Plaintiff tripped and fell. He previously informed "health care" about his high risk of falling, but "health care" failed to "provide for, of services and treatments." Plaintiff also partially blames the fall on incorrect waist handcuffs placed upon him by the female correctional officer.

At the central triage, the examining doctor declined to provide an x-ray or other exam to find the source of Plaintiff's numbness and severe pain.

### E. Allegations against Dr. Gamboa

On January 30, 2017, Dr. Gamboa denied Plaintiff health care, including a contrast MRI of the lumbar spine.

### F. Allegations against Dr. Edgar Clark and Dr. Enenmoh

Although Dr. Enenmoh and Dr. Clark were made aware of Plaintiff's risk of falling, safety procedures were not implemented to reduce the risk.

### G. Allegations against Warden Davey

Though not entirely clear, Plaintiff accuses Warden Davey of interfering with Plaintiff's right of access to the courts in the context of an administrative appeal that had blue color ink on it.

Plaintiff seeks unspecified relief.

## V. Analysis

Plaintiff again brings a number of unrelated claims against named Defendants and other individuals who, while not named in the caption, he apparently wishes to sue as Defendants. Plaintiff was previously informed that Federal Rule of Civil Procedure 18(a) allows a party to "join, as independent or alternative claims, as many claims as it has against an opposing party." However, Rule 20(a)(2) permits a plaintiff to sue multiple defendants in the same action only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and there is a "question of law or fact common to all defendants." "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits ..." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (citing 28 U.S.C. § 1915(g)).

Though Plaintiff's claims relate, generally, to his medical needs, the specific instances described do not arise from the same or even a related transaction so as to be brought in a single lawsuit. Plaintiff's Second Amended Complaint will therefore be dismissed.

Plaintiff was previously informed that if he chose to amend his complaint, he would have to file a proper pleading that complied with the standards spelled out for him; he would also have to decide which transaction or occurrence he wished to pursue in the action. Plaintiff has not done so. Moreover, Plaintiff generally fails to include facts linking Defendants to a violation of his constitutional rights.

The Court must now determine whether to allow Plaintiff leave to further amend. Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely grant leave when justice so requires." Fed. R. Civ. P. 15(a)(2). When determining whether to grant leave to amend, courts weigh certain factors: "undue delay, bad faith or dilatory motive on the part of [the party who wishes to amend a pleading], repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment [.]" See Foman v. Davis, 371 U.S. 178, 182 (1962). Although prejudice to the opposing party "carries the greatest weight[,]...a strong showing of any of the remaining Foman factors" can justify the denial of leave to amend. See Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam). Furthermore, analysis of these factors can overlap. For instance, a party's "repeated failure to cure deficiencies" constitutes "a strong indication that the [party] has no additional facts to plead" and "that any attempt to amend would be futile[.]" See Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 988, 1007 (9th Cir. 2009) (internal quotation marks omitted) (upholding dismissal of complaint with prejudice when there were "three iterations of [the] allegations — none of which, according to [the district] court, was sufficient to survive a motion to dismiss"); see also Simon v. Value Behavioral Health, Inc., 208 F.3d 1073, 1084 (9th Cir. 2000) (affirming dismissal without leave to amend where plaintiff failed to correct deficiencies in complaint, where court had afforded plaintiff opportunities to do so, and had discussed with plaintiff the substantive problems with his claims), amended by 234 F.3d 428, overruled on other grounds by Odom v. Microsoft Corp., 486 F.3d 541, 551 (9th Cir.

2007); <u>Plumeau v. Sch. Dist. # 40 Cnty. of Yamhill</u>, 130 F.3d 432, 439 (9th Cir. 1997) (denial of leave to amend appropriate where further amendment would be futile).

Plaintiff was previously informed of the prerequisites to assertion of a cognizable claim or claims, of the need to limit his claims, and the need to include facts linking specific Defendants to specific unconstitutional conduct. Plaintiff nevertheless not only perpetuates the previous pleading problems, but he now adds new claims against Defendants at different institutions. It is clear that the Court's admonitions and instructions have been ignored. No useful purpose would be served by giving them again and inviting yet another attempt to comply.

**VI. Conclusion**

Based on the foregoing, IT IS HEREBY ORDERED that the Second Amended Complaint is DISMISSED without leave to amend. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: <u>September 29, 2017</u>  /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE