UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO MARTINEZ,<br><br>Plaintiff,<br><br>v.<br><br>D. DAVEY, et al.,<br><br>Defendants. | **CASE No. 1:16-cv-1658-MJS (PC)**<br><br>**ORDER**<br><br>**(1) VACATING DISMISSAL AND RE-OPENING CASE;**<br><br>**(2) DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE; AND**<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS CASE WITH PREJUDICE**<br><br>**(ECF No. 23)**<br><br>**FOURTEEN-DAY DEADLINE** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to the jurisdiction of a magistrate judge. (ECF No. 9.) There have been no appearances by any defendant.

On September 29, 2017, the Court screened Plaintiff's Second Amended Complaint and dismissed it without leave to amend due to Plaintiff's repeated failure to comply with Federal Rule of Civil Procedure 20's joinder requirement. (ECF No. 27.)

1

## I. Williams v. King

Federal courts are under a continuing duty to confirm their jurisdictional power and are "obliged to inquire sua sponte whenever a doubt arises as to [its] existence[.]" Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 278 (1977) (citations omitted). On November 9, 2017, the Ninth Circuit Court of Appeals ruled that 28 U.S.C. § 636(c)(1) requires the consent of all named plaintiffs and defendants, even those not served with process, before jurisdiction may vest in a Magistrate Judge to dispose of a civil case. Williams v. King, 875 F.3d 500 (9th Cir. Nov. 9, 2017). Accordingly, the Court held that a Magistrate Judge does not have jurisdiction to dismiss a case or claims with prejudice during screening even if the Plaintiff has consented to Magistrate Judge jurisdiction. Id.

Here, Defendants were not yet served at the time that the Court screened the Second Amended Complaint and therefore had not appeared or consented to Magistrate Judge jurisdiction. Because Defendants had not consented, the undersigned's dismissal of Plaintiff's case was invalid under Williams. Because the undersigned nevertheless stands by the analysis in his previous screening order, he will below recommend to the District Judge that this action be dismissed.

Accordingly, the Order (ECF No. 27) dismissing Plaintiff's complaint with prejudice and directing the Clerk of Court to close this case will be vacated. The Clerk of Court will then be directed to reopen this case and appoint a District Judge to the action.

## II. Findings and Recommendations on Second Amended Complaint

### A. Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee,

or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

### B. Pleading Standard

Section 1983 provides a cause of action against any person who deprives an individual of federally guaranteed rights "under color" of state law. 42 U.S.C. § 1983. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

### C. Relevant Procedural Background

Plaintiff initiated this action on June 20, 2016, in the Northern District of California asserting claims arising under the First, Fifth, Sixth, Eighth, and Fourteenth Amendments based on conduct occurring at California State Prison ("CSP") in Corcoran, California. Plaintiff named D. Davey, the CSP Warden; the unidentified Chief Medical Officer at

| | |
|---|---|
| 1 | CSP; and approximately 27 Doe Defendants. Upon review of the allegations asserted in |
| 2 | the complaint, the case was transferred to this court on November 2, 2016. (ECF No. 7.) |
| 3 | On January 4, 2017, Plaintiff's complaint was dismissed for failure to state a |
| 4 | claim. His bare allegations in the complaint were found woefully insufficient, and the |
| 5 | undersigned declined to review the 150 pages of attachments to determine if they |
| 6 | included facts giving rise to a cognizable cause of action. (ECF No. 11.) |
| 7 | Plaintiff's First Amended Complaint was then screened on April 7, 2017. (ECF No. |
| 8 | 20.) There, Plaintiff asserted a number of unrelated claims against D. Davey, a warden |
| 9 | whom Plaintiff no longer associated with CSP but instead California Substance Abuse |
| 10 | Treatment Facility / State Prison in Corcoran, California ("CSATF"); Dr. Scharffenberg, a |
| 11 | primary care physician ("PCP") at CSATF; Dr. J. Lewis, the Deputy Director of an |
| 12 | unspecified department / agency; and the Federal Receiver "who controls the prison's |
| 13 | medical care." This pleading was also dismissed, though this time for failure to comply |
| 14 | with Federal Rule of Civil Procedure 20's joinder requirement since it included a number |
| 15 | of claims that did not arise from the same or even related transaction. In addition, |
| 16 | Plaintiff's allegations against Warden Davey, Dr. Lewis, and the Federal Receiver were |
| 17 | dismissed for failure to link these Defendants to any deprivation of Plaintiff's rights. |

**D. Plaintiff's Allegations**

In the Second Amended Complaint, Plaintiff brings suit against D. Davey, the Warden now again associated with CSP; Dr. Anthony Enenmoh, a physician at CSP; Dr. Edgar Clark, a physician at CSP; Dr. Scharffenberg, Plaintiff's PCP at CSATF; Dr. J. Lewis, the Deputy Director of an unspecified department / agency; L.W. Muniz, Warden of Salinas Valley State Prison ("SVSP") in Soledad, California; E. Gitova, a nurse at SVSP; Dr. Lawrence Gamboa; and the Federal Receiver "who controls the prison's medical care."

As with his First Amended Complaint, Plaintiff's operative pleading includes a number of unrelated allegations, some of which are summarized here to demonstrate how distinct they are:

4

### 1. Allegations against Dr. Scharffenberg

On December 12, 2015, Dr. Scharffenberg denied an evaluation recommendation from a neurosurgeon specializing in spinal cord tumors. In addition, and without relevant supporting facts, Dr. Scharffenberg also allegedly failed to (1) provide an MRI of Plaintiff's cervical spine, (2) perform a second MRI to the lumbar spine, (3) provide a wedge pillow, (4) provide a Tens unit for pain relief as ordered by neurosurgeon specialists, (5) provide for a recommendation of a pulmonary specialist, (6) remove cataracts, (7) provide a wheelchair, and (8) provide a CT scan of Plaintiff's abdomen and pelvis.

### 2. Allegations against Nurse Gitova and John Doe

On September 18, 2016, Plaintiff submitted a sick call to Nurse Gitova for trouble breathing with severe chest pain. Plaintiff also requested that his sugar levels be checked and for "emergency additional medical services." Instead of treating Plaintiff, Nurse Gitova directed that he be returned to his cell.

When Plaintiff was placed in waist restraints, he fainted and fell. John Doe, an individual employed in the medical triage, applied a treatment of ammonia on the side of Plaintiff's nose to revive him. This caused a severe burn on the inside and outside of Plaintiff's nose. Plaintiff was then returned, unresponsive, to his assigned bed.

### 3. Allegations against Warden Muniz

On November 28, 2016, Plaintiff accidentally spilled coffee. When Plaintiff went to get a towel to wipe the spill, he returned to find another inmate cleaning it. Plaintiff alleges his right of access to the courts was somehow denied by Warden Muniz.

In September 2016, October 2016, and January 2017, Plaintiff submitted requests for an Olsen review of his health records. Warden Muniz allegedly failed to provide these records.

### 4. Allegations against Doe Defendants

On December 26, 2016, Plaintiff was escorted to the shower by a female correctional officer. Once there, Plaintiff tripped and fell. He previously informed "health care" about his high risk of falling, but "health care" failed to "provide for, of services and treatments." Plaintiff partially blames the fall on incorrect waist handcuffs placed upon him by the female correctional officer.

At the central triage, the examining doctor declined to provide an x-ray or other exam to find the source of Plaintiff's numbness and severe pain.

### 5. Allegations against Dr. Gamboa

On January 30, 2017, Dr. Gamboa denied Plaintiff health care, including an MRI with contrast of the lumbar spine.

### 6. Allegations against Dr. Edgar Clark and Dr. Enenmoh

Although Dr. Enenmoh and Dr. Clark were made aware of Plaintiff's risk of falling, safety procedures were not implemented to reduce the risk.

### 7. Allegations against Warden Davey

Though not entirely clear, Plaintiff accuses Warden Davey of interfering with Plaintiff's right of access to the courts in the context of an administrative appeal that had blue color ink on it.

Plaintiff seeks unspecified relief.

### E. Discussion

Plaintiff again brings a number of unrelated claims against named Defendants and other individuals who, while not named in the caption, may be fairly construed as Defendants. Plaintiff was previously informed that Federal Rule of Civil Procedure 18(a) allows a party to "join, as independent or alternative claims, as many claims as it has against an opposing party." However, Rule 20(a)(2) permits a plaintiff to sue multiple defendants in the same action only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and there is a "question of law or

fact common to all defendants." "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits ..." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (citing 28 U.S.C. § 1915(g)).

Though again Plaintiff's claims relate, generally, to his medical needs, the specific instances do not arise from the same or even related transaction so as to be brought in a single lawsuit. Plaintiff's Second Amended Complaint should therefore be dismissed.

Plaintiff was previously informed that, in the event he chooses to amend his complaint, he must file a proper pleading that complies with the above standards, and he must decide which transaction or occurrence he wishes to pursue in this action. Plaintiff has not done so. Moreover, Plaintiff fails to include facts sufficiently linking many of the Defendants to a violation of Plaintiff's constitutional rights.

The Court must now determine whether to allow Plaintiff leave to further amend. Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely grant leave when justice so requires." Fed. R. Civ. P. 15(a)(2). When determining whether to grant leave to amend, courts weigh certain factors: "undue delay, bad faith or dilatory motive on the part of [the party who wishes to amend a pleading], repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment [.]" See Foman v. Davis, 371 U.S. 178, 182 (1962). Although prejudice to the opposing party "carries the greatest weight[,]...a strong showing of any of the remaining Foman factors" can justify the denial of leave to amend. See Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam). Furthermore, analysis of these factors can overlap. For instance, a party's "repeated failure to cure deficiencies" constitutes "a strong indication that the [party] has no additional facts to plead" and "that any attempt to amend would be futile[.]" See Zucco Partners, LLC v. Digimarc Corp., 552 F.3d 981, 988, 1007 (9th Cir. 2009) (internal quotation marks omitted) (upholding dismissal of

complaint with prejudice when there were "three iterations of [the] allegations — none of which, according to [the district] court, was sufficient to survive a motion to dismiss"); see also Simon v. Value Behavioral Health, Inc., 208 F.3d 1073, 1084 (9th Cir. 2000) (affirming dismissal without leave to amend where plaintiff failed to correct deficiencies in complaint, where court had afforded plaintiff opportunities to do so, and had discussed with plaintiff the substantive problems with his claims), amended by 234 F.3d 428, overruled on other grounds by Odom v. Microsoft Corp., 486 F.3d 541, 551 (9th Cir. 2007); Plumeau v. Sch. Dist. # 40 Cnty. of Yamhill, 130 F.3d 432, 439 (9th Cir. 1997) (denial of leave to amend appropriate where further amendment would be futile).

Plaintiff was previously informed of the requirement to limit the claims asserted in this action and to include relevant facts linking the Defendants to unconstitutional conduct. Despite such explicit advisements, Plaintiff has not only continued to assert unrelated claims and failed to properly link them to Defendants, it appears he has also included new claims against Defendants at different institutions. It thus appears that further amendment would be futile.

**III.     Conclusion**

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. The Court's Order dismissing this case (ECF No. 27) is VACATED;

2. The Clerk of Court is directed to REOPEN this case and randomly appoint a District Judge to this action; and

For the foregoing reasons, IT IS HEREBY RECOMMENDED that Plaintiff's case be DISMISSED without leave to amend.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result

in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: January 9, 2018 /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE