| | |
|---|---|
| RICARDO MARTINEZ,<br><br>　　　　Plaintiff,<br><br>v.<br><br>D. DAVEY, et al.,<br><br>　　　　Defendants. | CASE No. 1:16-cv-1658-AWI-MJS (PC)<br><br>**ORDER VACATING FINDINGS AND RECOMMENDATIONS**<br><br>(ECF No. 29)<br><br>**ORDER FINDING NO COGNIZABLE CLAIMS AND REQUIRING PLAINTIFF TO AMEND OR RESPOND**<br><br>(ECF No. 23)<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>(ECF No. 30)<br><br>**THIRTY (30) DAY DEADLINE** |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to the jurisdiction of a magistrate judge. (ECF No. 9.)

This action was dismissed on September 29, 2017, without leave to amend due to Plaintiff's repeated failure to comply with Federal Rule of Civil Procedure 20's joinder requirement. (ECF No. 27.) On January 10, 2018, the undersigned sua sponte vacated

1

the dismissal and reopened the action in light of Williams v. King, 875 F.3d 500 (9th Cir. Nov. 9, 2017) (requiring the consent of all named plaintiffs and defendants before jurisdiction may vest in a Magistrate Judge to dispose of a civil case). Simultaneously, the undersigned re-screened Plaintiff's second amended complaint and issued findings and recommendations to dismiss the action based on misjoinder. (ECF No. 29.) Upon further consideration, the undersigned concludes the findings and recommendations were issued in error. See Fed. R. Civ. P. 21 ("Misjoinder of parties is not a ground for dismissing an action.")

Accordingly, the undersigned will herein vacate the prior findings and recommendations and re-screen Plaintiff's second amended complaint.

**I.    Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

**II.    Pleading Standard**

Section 1983 provides a cause of action against any person who deprives an individual of federally guaranteed rights "under color" of state law. 42 U.S.C. § 1983. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)), and courts "are not

required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

### III. Relevant Procedural Background

Plaintiff initiated this action on June 20, 2016, in the Northern District of California asserting claims arising under the First, Fifth, Sixth, Eighth, and Fourteenth Amendments based on conduct occurring at California State Prison ("CSP") in Corcoran, California. Plaintiff named D. Davey, the CSP Warden; the unidentified Chief Medical Officer at CSP; and approximately 27 Doe Defendants. Upon review of the allegations asserted in the complaint, the case was transferred to this court on November 2, 2016. (ECF No. 7.)

On January 4, 2017, Plaintiff's complaint was dismissed for failure to state a claim. His bare allegations in the complaint were found woefully insufficient under Federal Rule of Civil Procedure 8(a), and the undersigned declined to review the 150 pages of attachments to determine if they included facts giving rise to a cognizable cause of action. (ECF No. 11.) Plaintiff was provided the applicable pleading criteria for what appeared to be his intended Eighth and First Amendment claims and leave to amend.

Plaintiff filed a first amended complaint that was shorter and more succinct, totaling thirty-six pages. (ECF No. 17.) That first amended complaint was screened on

April 7, 2017 and also dismissed, though this time for failure to comply with Federal Rule of Civil Procedure 20's joinder requirement since it included a number of claims that did not arise from the same or even related transaction. (ECF No. 20.) In addition, Plaintiff's allegations against Warden Davey, Dr. Lewis, and the Federal Receiver were dismissed for failure to link those Defendants to any deprivation of Plaintiff's rights. (Id.)

Plaintiff then filed his second amended complaint, which is before the Court for screening. (ECF No. 23.)

## IV. Plaintiff's allegations

Plaintiff brings suit against D. Davey, the Warden, CSP; Dr. Anthony Enenmoh, a physician at CSP; Dr. Edgar Clark, a physician at CSP; Dr. Scharffenberg, Plaintiff's PCP at CSATF; Dr. J. Lewis, the Deputy Director of an unspecified department / agency; L.W. Muniz, Warden of Salinas Valley State Prison ("SVSP") in Soledad, California; E. Gitova, a nurse at SVSP; Dr. Lawrence Gamboa; and the Federal Receiver "who controls the prison's medical care."

Once again Plaintiff's allegations are exceptionally lengthy, assert multiple unconnected claims and contain seemingly unrelated exhibits. Many of the allegations are made against unnamed individuals or individuals not named in the caption.

To the best of the Court's ability, Plaintiff's allegations are substantively summarized as follows:

### 1. Allegations against Dr. Scharffenberg

On December 12, 2015, Dr. Scharffenberg denied Plaintiff an evaluation a neurosurgeon specializing in spinal cord tumors had recommended and also failed or declined to (1) order an MRI of Plaintiff's cervical spine, (2) perform a second MRI on the lumbar spine, (3) provide a wedge pillow, (4) provide a Tens unit for pain relief, (5) recommend a pulmonary specialist, (6) remove cataracts, (7) provide a wheelchair, and (8) order a CT scan of Plaintiff's abdomen and pelvis. Plaintiff does not describe his medical conditions or provide any information which might enable evaluation of his need for the denied care.

4

### 2. Allegations against Nurse Gitova and John Doe

On September 18, 2016, Plaintiff submitted a sick call request to Nurse Gitova for trouble breathing and severe chest pain. He also requested that his sugar levels be checked and "emergency additional medical services." Instead of treating Plaintiff, Nurse Gitova directed that he be returned to his cell.

When Plaintiff was placed in waist restraints, he fainted and fell. John Doe, an individual employed in the medical triage, applied ammonia to the side of Plaintiff's nose to revive him. This caused a severe burn on the inside and outside of Plaintiff's nose. Plaintiff was then returned, unresponsive, to his assigned bed.

### 3. Allegations against Warden Muniz

On November 28, 2016, Plaintiff accidentally spilled coffee. After retrieving a towel to clean the spill, he returned to find another inmate cleaning it. Plaintiff alleges his right of access to the courts was denied by Warden Muniz.

In September 2016, October 2016, and January 2017, Plaintiff submitted requests for an Olsen review of his health records. Warden Muniz failed to provide the records.

### 4. Allegations against Doe Defendants

Plaintiff informed "health care" he was at risk of falling, but "health care" failed to "provide for, of services and treatments." On December 26, 2016, he was escorted to the shower by a female correctional officer and he tripped and fell. Plaintiff attributes the fall in part to incorrect placement of waist handcuffs on him.

At the central triage, the examining doctor declined to provide an x-ray or other exam to determine the source of Plaintiff's numbness and severe pain.

### 5. Allegations against Dr. Gamboa

On January 30, 2017, Dr. Gamboa denied Plaintiff health care, including an MRI with contrast of the lumbar spine.

### 6. Allegations against Dr. Edgar Clark and Dr. Enenmoh

Although Dr. Enenmoh and Dr. Clark were made aware of Plaintiff's risk of falling, no safety procedures were implemented to reduce the risk.

### 7. Allegations against Warden Davey

Plaintiff accuses Warden Davey of interfering with Plaintiff's right of access to the courts in the context of an administrative appeal that had blue color ink on it.

Plaintiff seeks unspecified relief.

## VI. Analysis

### A. Rule 8

Plaintiff's second amended complaint is 162 pages long and suffers from the same failings as his original complaint.

Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1) ("[e]ach allegation must be simple, concise and direct"); McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) ("[t]he Federal Rules require that averments 'be simple, concise, and direct'"); see Crawford-El v. Britton, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases).

The courts do grant leeway to pro se plaintiff' pleadings. See, e.g., Brazil v. U.S. Dept. of Navy, 66 F.3d 193, 199 (9th Cir. 1995) ("[a]lthough a pro se litigant . . . may be entitled to great leeway when the court construes his pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong"). The complaint must not force the Court and Defendant to guess at what is being alleged against whom, require the Court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiff to submit," or require the Court and Defendant to prepare lengthy outlines "to determine who is being sued for what." McHenry, 84 F.3d at 1179. An excessively long and repetitive pleading, containing much narrative and story-telling, without clear statement

of which individual did what, very likely will result in delaying the review required by 28 U.S.C. § 1915A and, ultimately, may result in an order dismissing Plaintiff's action pursuant to Fed. R. Civ. P. 41, for violation of these instructions. Id.

The Court's original screening order directed Plaintiff to make his amended complaint brief. Fed. R. Civ. P. 8(a)." (ECF No. 11 at 8.) He did not heed this instruction. See Fed. R. Civ. P. 8(a)(2) (complaint must be "a short and plain statement"); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim"). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1) ("[e]ach allegation must be simple, concise and direct"); McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) ("[t]he Federal Rules require that averments 'be simple, concise, and direct'"); see Crawford-El v. Britton, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases).

Plaintiff's second amended complaint is made up of disjointed factual allegations and conclusions interspersed with numerous exhibits, including hand-copied appeals, letters, and affidavits. It would be excessively time-consuming and questionably productive for Defendants or the Court to go through each of these 162 pages and try to determine the specific allegations Plaintiff wishes to make and what facts support, or even relate, to them. It is not the responsibility of the Court or the defense to do that.

Here, the Court is unable to conduct the screening required by 28 U.S.C. § 1915A, because Plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2) and (d)(1). Plaintiff will be given **one last chance** to file an amended complaint (a third amended complaint) that is **a short and plain statement** of what each named Defendant did, and when he did it, that violated Plaintiff's constitutional rights and how doing so harmed Plaintiff. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). He should do this in plain, simple English, with a separate paragraph for each claim against each

Defendant. Attaching exhibits rarely helps and in this case has clearly hindered Plaintiff's ability to state his claims properly. Plaintiff should omit exhibits from his next pleading

Although the Court is thus unable to evaluate the substance of Plaintiff's allegations, it will provide Plaintiff the legal criteria for the types of claims he seems desirous of asserting.

**B.     Joinder**

Plaintiff brings a number of unrelated claims against named and unnamed Defendants and other individuals not identified in the caption.

Plaintiff was previously informed that Federal Rule of Civil Procedure 18(a) allows a party to "join, as independent or alternative claims, as many claims as it has against an opposing party." However, Rule 20(a)(2) permits a plaintiff to sue multiple defendants in the same action only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and there is a "question of law or fact common to all defendants." "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits ..." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (citing 28 U.S.C. § 1915(g)).

Though Plaintiff's claims relate, generally, to his medical care, the specific instances referred to do not appear to arise from the same or even related transaction so as to be capable of being brought in a single lawsuit. The fact that all of Plaintiff's allegations relate to medical care does not make them related for purposes of Rule 20(a). Claims are related where they are based on the same precipitating event, or a series of related events caused by the same precipitating event. That is not the case here.

Plaintiff was previously informed that he must decide which transaction or occurrence he wishes to pursue in this suit. He has not done so. Where a complaint contains improperly joined claims or defendants, the Court may sua sponte dismiss or

sever such claims. Fed. R. Civ. P. 21. Plaintiff may then undertake to bring such severed claims in separate additional suits. Here, however, the Court is unable to determine which select claims Plaintiff may wish to pursue and is unable to pick and choose on Plaintiff's behalf.

**C. Defendants**

**1. Non-parties**

Plaintiff makes allegations against numerous non-party individuals not named in the caption of the complaint.

Rule 10(a) of the Federal Rules of Civil Procedure requires that each defendant be named in the caption of the complaint. A complaint is subject to dismissal if "one cannot determine from the complaint who is being sued, [and] for what relief. . . ." McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996).

**2. Does**

Plaintiff's complaint contains numerous allegations against various Doe defendants.

The use of Doe defendants generally is disfavored. Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (quoting Gillespie v. Civiletti, 629 E.2d 637, 642 (9th Cir. 1980)). Nevertheless, under certain circumstances, Plaintiff may be given the opportunity to identify unknown defendants through discovery. Id. Before Plaintiff may engage in discovery as to the unknown defendants, he first must link each of them to a constitutional violation. He must address each defendant separately, i.e., Doe 1, Doe 2, Doe 3, etc., and must set forth facts describing how any Doe defendant personally participated in the violation of his constitutional rights. Iqbal, 556 U.S. at 676-77 Simmons, 609 F.3d a 1020-21; Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009). Plaintiff may not simply allege liability generally as he has done here. If Plaintiff wishes to bring claims against these individuals he must allege with specificity what individuals caused a constitutional violation and how and when.

### 3. Linkage

Many of Plaintiff's allegations are broad and fail to link an individual Defendant with a specified deprivation of Plaintiff's constitutional rights.

Section 1983 provides a cause of action for violations of constitutional or other federal rights by persons acting under the color of state law. Wilder, 496 U.S. at 508. To state a claim under Section 1983, the plaintiff must demonstrate that each defendant personally participated in the deprivation of her rights. Iqbal, 556 U.S. at 676-77. Supervisory personnel may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them," Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) accord Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012).

If Plaintiff wishes to amend and pursue claims in regards to these incidents, he must allege specifically what each Defendant did or did not do and how that action or inaction violated his constitutional rights.

### D. Eighth Amendment Denial of Necessary Medical Care

Most of Plaintiff's allegations relate to the denial of medical care. The Eight Amendment's prohibition on cruel and unusual punishment offers protection for prisoners in such circumstances. Though previously provided to Plaintiff, the Court will once again set out the standard and give Plaintiff **one last opportunity** to try to meet it.

The government has an "obligation to provide medical care for those whom it is punishing by incarceration," and failure to meet that obligation can constitute an Eighth Amendment violation cognizable under § 1983. Estelle v. Gamble, 429 U.S. 97, 103-105 (1976). To establish an Eighth Amendment violation, a prisoner "must satisfy both the objective and subjective components of a two-part test." Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted). A prisoner must show (1) a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain, and (2) that the defendant's response to the need was deliberately indifferent. Jett v. Penner, 439 F.3d

1091, 1096 (9th Cir. 2006) (citing McGuckin v. Smith, 974 F.2d 1050, 1559-1560 (9th Cir. 1991), *overruled in part on other grounds by* WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997).

The second element, deliberate indifference, is "a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). For a prison official's response to a serious medical need to be deliberately indifferent, the official must "'know[ ] of and disregard[ ] an excessive risk to inmate health.'" Peralta v. Dillard, 744 F.3d 1076, 1082 (9th Cir. 2014) (en banc) (quoting Farmer v. Brennan, 511 U.S. 825, 837, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994)). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837.

Mere indifference, negligence, or medical malpractice is not sufficient to support the claim. Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. 87 at 105-06). A prisoner can establish deliberate indifference by showing that officials intentionally interfered with his medical treatment for reasons unrelated to the prisoner's medical needs. See Hamilton v. Endell, 981 F.2d 1062, 1066 (9th Cir. 1992); Estelle, 429 U.S. at 105. Deliberate indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012) (citations and quotations omitted).

**E.    Access to Courts**

Several of Plaintiff's allegations suggest his ability to access the court has been impeded.

Plaintiff has a constitutional right of access to the courts, and prison officials may not actively interfere with his right to litigate. Silva v. Di Vittorio, 658 F.3d 1090, 1101-02 (9th Cir. 2011). The right is limited to direct criminal appeals, habeas petitions, and civil rights actions. Lewis v. Casey, 518 U.S. 343, 354 (1996). Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be

gained" (forward-looking access claim) or from the loss of a meritorious suit that cannot now be tried (backward-looking claim). Christopher v. Harbury, 536 U.S. 403, 412-15 (2002). A plaintiff must show that he suffered an "actual injury" i.e., prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a non-frivolous claim. Lewis, 518 U.S. at 348-49. An "actual injury" is one that hinders the plaintiff's ability to pursue a legal claim. Id. at 351.

### F. Inmate Appeal Process

Plaintiff makes several allegations regarding the appeal process.

"[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez, 568 F. Supp. at 10.

Actions in reviewing a prisoner's administrative appeal, without more, are not actionable under section 1983. Buckley, 997 F.2d at 495.

## VII. Motion to Appoint Counsel

Also before the Court is Plaintiff's motion to appoint counsel. (ECF No. 30.)

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1), Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). In certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525. However, without a reasonable method of securing and compensating counsel, the Court will seek volunteer

1  counsel only in the most serious and exceptional cases. In determining whether
2  exceptional circumstances exist, the district court must evaluate both the likelihood of
3  success of the merits [and] the ability of the [plaintiff] to articulate his claims pro se in
4  light of the complexity of the legal issues involved. Id. (internal quotation marks and
5  citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily. Further, at this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. To date, his pleadings suggest only that he, and perhaps even other medical practitioners, may disagree with the treatment provided him in response to his complaints and symptoms. He presents nothing to suggest that care was denied him because of a deliberate, intentional disregard for his health. As such, the claims that are discernable reflect a negative likelihood he will succeed on the merits. Granted, the Plaintiff is struggling to properly articulate his claims. However, what he has presented suggests a basic capability to simply and briefly list what each Defendant did to violate his rights. Accordingly his motion for appointment of counsel will be DENIED.

In passing, the Court notes that Plaintiff's motion contains substantial substantive allegations relating to his underlying claims. If he intended this material supplement his complaint, it will not. See Local Rule 220 (noting that a complaint must be "complete in itself"). The allegations contained in the motion to appoint counsel have not been and will not be considered in screening Plaintiff's complaint. If he wishes to raise such allegations, he may include them in an amended pleading.

**VIII. Conclusion**

Plaintiff's complaint fails to state a claim on which relief may be granted. The Court will grant Plaintiff an opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff does not wish to amend, he may instead

file a notice of voluntary dismissal, and the action then will be terminated by operation of law. Fed. R. Civ. P. 41(a)(1)(A)(i). Alternatively, Plaintiff may forego amendment and notify the Court that he wishes to stand on his complaint. See Edwards v. Marin Park, Inc., 356 F.3d 1058, 1064-65 (9th Cir. 2004) (plaintiff may elect to forego amendment). If the last option is chosen, the undersigned will issue findings and recommendations to dismiss the complaint without leave to amend, Plaintiff will have an opportunity to object, and the matter will be decided by a District Judge. No further opportunity to amend will be given by the undersigned.

If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 556 U.S. at 677-78. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff should note that although he has been granted the opportunity to amend his complaint, it is not for the purposes of adding new and unrelated claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully review this screening order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves a function in the case. Id. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly titled, in bold font, "First Amended Complaint," reference the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. The Court's Findings and Recommendations (ECF No. 29) is VACATED
2. Plaintiff's motion (ECF No. 30) to appoint counsel is DENIED;
3. Within thirty (30) days from the date of service of this order, Plaintiff must file either a third amended complaint curing the deficiencies identified by the Court in this order, a notice of voluntary dismissal, or a notice of election to stand on the complaint; and
4. If Plaintiff fails to file a third amended complaint or notice of voluntary dismissal, the Court will recommend the action be dismissed, with prejudice, for failure to obey a court order and failure to state a claim.

IT IS SO ORDERED.

Dated: February 14, 2018      /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE