UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO MARTINEZ,<br><br>        Plaintiff,<br><br>   v.<br><br>D. DAVEY, et al.,<br><br>        Defendants. | CASE No. 1:16-cv-1658-AWI-JLT (PC)<br><br>**ORDER VACATING ORDER TO SHOW CAUSE AND ORDER APPOINTING LIMITED PURPOSE COUNSEL; ORDER DIRECTING PLAINTIFF TO SUBMIT SERVICE DOCUMENTS; FINDINGS AND RECOMMENDATIONS TO DISMISS NON-COGNIZABLE CLAIMS** |

Plaintiff has filed a fourth amended complaint asserting claims against government employees. (Doc. 48.) The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.    Pleading Standard**

Section 1983 provides a cause of action against any person who deprives an individual of

federally guaranteed rights "under color" of state law. 42 U.S.C. § 1983. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II. Relevant Procedural Background

Plaintiff initiated this action on June 20, 2016, in the Northern District of California asserting claims arising under the First, Fifth, Sixth, Eighth, and Fourteenth Amendments based on conduct occurring at California State Prison in Corcoran, California. Plaintiff named D. Davey, the CSP Warden; the unidentified Chief Medical Officer at CSP; and approximately 27 Doe Defendants. Upon review of the allegations asserted in the complaint, the case was transferred to this Court on November 2, 2016. (Doc. 7.)

On January 4, 2017, the previously-assigned magistrate judge dismissed the complaint for failure to state a claim after concluding that the bare allegations in the complaint were insufficient under Federal Rule of Civil Procedure 8(a). Magistrate Judge Michael J. Seng also declined to review the 150 pages of attachments to determine if they included facts giving rise to a cognizable cause of action. (Doc. 11.) The Court granted Plaintiff leave to amend and provided the applicable

pleading criteria for what appeared to be his intended Eighth and First Amendment claims.

Plaintiff filed a first amended complaint that was shorter and more succinct, totaling thirty-six pages. (Doc. 17.) The Court screened this first amended complaint on April 7, 2017. The Court dismissed it because it included many claims that did not arise from the same or related transaction. (Doc. 20.) In addition, the Court dismissed plaintiff's allegations against Warden Davey, Dr. Lewis, and the Federal Receiver for failure to link those defendants to any deprivation of plaintiff's rights. (Id.)

Plaintiff then filed his second amended complaint, which the Court dismissed again for failure to comply with Rule 8's brevity requirements and for failure to state a cognizable claim. (Doc. 23.) The Court granted plaintiff one last opportunity to submit a complaint:

> Here, the Court is unable to conduct the screening required by 28 U.S.C. § 1915A, because Plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2) and (d)(1). Plaintiff will be given **one last chance** to file an amended complaint (a third amended complaint) that is **a short and plain statement** of what each named Defendant did, and when he did it, that violated Plaintiff's constitutional rights and how doing so harmed Plaintiff. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). He should do this in plain, simple English, with a separate paragraph for each claim against each Defendant. Attaching exhibits rarely helps and in this case has clearly hindered Plaintiff's ability to state his claims properly. Plaintiff should omit exhibits from his next pleading

(Doc. 31 at 6-7.)

On May 21, 2018, plaintiff filed his third amended complaint, and the Court found it did not state any cognizable claims. (Docs. 36, 47.) Because plaintiff attempted in good faith to comply with the Court's previous directives, he was granted one final opportunity to amend.

Plaintiff dutifully filed a fourth amended complaint on February 1, 2019. (Doc. 48.) On review of that pleading, the Court appointed counsel for plaintiff for the limited purpose of drafting a fifth amended complaint. (Doc. 51.) Counsel was directed to file an amended pleading within 120 days of the date of that order. When that deadline passed, the Court issued an Order to Show Cause why sanctions should not be imposed for plaintiff's failure to file a timely pleading. Counsel has now responded, noting the futility of filing a fifth amended complaint. In addition, he

has submitted a declaration explaining his failure to timely comply with the Court's Order. Good cause appearing, the Order to Show Cause will be vacated. The Court will now turn to screening the fourth amended complaint.

**III.     Plaintiff's Allegations**

Plaintiff's claims arose while he was incarcerated at California Substantive Abuse Treatment Facility and State Prison in Corcoran, California. In the fourth amended complaint, plaintiff names D. Davey, CSP Warden; Dr. Scharffenberg, a CSP doctor; and Dr. J. Lewis, "Director Commissioner" of CSP.

Plaintiff's allegations may be fairly summarized as follows:

Plaintiff suffers from lesions and tumors on his spine causing him tremendous pain, weakness, and a tendency to fall. He also suffers lesions to the head that are causing a hemorrhage of the left ear and "irregular flashing headaches." In addition, plaintiff has diabetes and hypertension. These conditions result in jaws locking, pain when eating, weakness of the arms and hand grabbing, shortness of breath, and asthma attacks.

Following a July 2015 MRI, plaintiff was seen via telemedicine by neurological surgeon Dr. Harold Segal. After a physical examination of plaintiff and a review of his medical records, including the MRI, Dr. Segal recommended that plaintiff be seen at Stanford, UCSF, or UCLA medical center "because of the concern about a spinal cord tumor being present at the C4-5 level on the left side of the cord. These types of lesions are somewhat rare and he needs to be evaluated by a neurosurgeon specializing in spinal cord tumors."

Plaintiff alleges that, because of the defendants' collective conduct, he was:

> Denied of a recommendation of an evaluation to medical center, Stanford UC San Francisco or UCLA.
>
> Denied of an MRI with and without contrast to cervical spine.
>
> Denied of an MRI scan of the lumbar spine.
>
> Denied of pain medication and of pain management evaluation.
>
> Denied of Tens unit for pain relief, this were recommended by three doctors, recommended by Dr. Yoo, M.D. on 12/31/15.

4

> Recommended by Dr. Ramberg, M.D. on 9/23/14. Recommended by Dr. Chen, M.D. on 8/21/13.
>
> Denied of an evaluation to the head and brain, in regarding of an hemorrhage of the left ear, and irregular flashing headaches.
>
> Denied of an evaluation of hearing impaired.
>
> Denied of diabetes, medications, on March 15, 2018, PCP did stop of metformin 500 m.g. 1. Tablet 2 times a day and no other medications or health care services have been provide[d].
>
> Denied of an evaluation and/or an operation to a growth of espermatic cord tumor. And
>
> Denied to be schedule to review of the file of medical records also denied of medical records. Denial since 2015.

Plaintiff's specific allegations, which are determined upon liberally construing the pleading, are that Dr. Lewis and Warden Davey are each responsible for approving requests for medical care. Despite knowing of the severity of plaintiff's medical condition and the multiple requests for care submitted by specialists, each defendant has denied these medical requests and thereby denied plaintiff necessary medical care. Because of these denials, the size of plaintiff's tumors has increased, causing him "tremendous pain."

As for Dr. Scharffenberg, other than identifying him as "the CSP physician care provider who denied of serious medical needs," plaintiff asserts no charging allegations as to this individual. By way of relief, plaintiff seeks "a court order."

**IV.  Analysis**

The government has an "obligation to provide medical care for those whom it is punishing by incarceration," and failure to meet that obligation can constitute an Eighth Amendment violation cognizable under § 1983. Estelle v. Gamble, 429 U.S. 97, 103-105 (1976). To establish an Eighth Amendment violation, a prisoner "must satisfy both the objective and subjective components of a two-part test." Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted). A prisoner must show (1) a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain, and (2)

that the defendant's response to the need was deliberately indifferent. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing McGuckin v. Smith, 974 F.2d 1050, 1559-1560 (9th Cir. 1991), *overruled in part on other grounds by* WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997).

The second element, deliberate indifference, is "a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). For a prison official's response to a serious medical need to be deliberately indifferent, the official must "know[ ] of and disregard[ ] an excessive risk to inmate health.'" Peralta v. Dillard, 744 F.3d 1076, 1082 (9th Cir. 2014) (en banc) (quoting Farmer v. Brennan, 511 U.S. 825, 837, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994)). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837.

Mere indifference, negligence, or medical malpractice is not sufficient to support the claim. Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. 87 at 105-06). A prisoner can establish deliberate indifference by showing that officials intentionally interfered with his medical treatment for reasons unrelated to the prisoner's medical needs. See Hamilton v. Endell, 981 F.2d 1062, 1066 (9th Cir. 1992); Estelle, 429 U.S. at 105. Deliberate indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012) (citations and quotations omitted).

At this preliminary stage, the Court finds that plaintiff has stated a cognizable claim against defendants Dr. Lewis and Warden Davey. Each of these defendants is alleged to have known of requests submitted by medical specialists for further treatment for plaintiff's conditions, each had the power to grant these medical requests, and each denied those medical requests with deliberate indifference to plaintiff's health needs. As a result of their conduct, plaintiff's tumors increased, as did his pain. These allegations are sufficient to proceed. However, plaintiff's allegations as to Dr. Scharffenberg are too vague and conclusory to proceed.

**V.     Conclusion**

Plaintiff's fourth amended complaint states a cognizable Eighth Amendment claim against defendants Dr. Lewis and Warden Davey. No other claims are cognizable as plead. Because

6

plaintiff will be granted no further opportunity to amend, the Court ORDERS as follows:

1. The Order to Show Cause directed to plaintiff's appointed counsel (Doc. 53) is VACATED;
2. The order appointing counsel for plaintiff for the limited purpose of filing a fifth amended complaint (Doc. 51) is VACATED;
3. Service shall be initiated on the following defendants:

    **D. DAVEY** – Warden of CSP

    **DR. J. LEWIS** – "Director Commissioner" of CSP
4. The Clerk of the Court shall send plaintiff two USM-285 forms, two summons, a Notice of Submission of Documents form, an instruction sheet and a copy of the fourth amended complaint filed February 1, 2019;
5. Within <u>thirty days</u> from the date of this order, plaintiff shall complete and return to the Court the Notice of Submission of Documents along with the following documents:
    a. One completed summons for each defendant listed above,
    b. One completed USM-285 form for each defendant listed above,
    c. Two copies of the endorsed fourth amended complaint filed February 1, 2019;
6. Plaintiff need not attempt service on defendants and need not request waiver of service. Upon receipt of the above-described documents, the Court shall direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs;
7. **7.** The failure to comply with this order will result in a recommendation that the action be dismissed; and

The Court **RECOMMENDS** that all remaining claims and defendants be dismissed without leave to amend.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within <u>fourteen days</u> after being served with these Findings and Recommendations, the parties may file

written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **February 7, 2020**           /s/ Jennifer L. Thurston
                                    UNITED STATES MAGISTRATE JUDGE