| | |
|---|---|
| | |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO MARTINEZ,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>D. DAVEY, et al.,<br><br>　　　　Defendant. | 1:16-cv-01658-JLT (PC)<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>(Doc. 78) |

Plaintiff has filed numerous motions seeking the appointment of counsel, (*see* Docs. 18, 30 37, 49), which this Court denied. (*See* Docs. 19, 31, 38, 50). On June 24, 2019, this Court appointed Chijioke O. Ikonte for the limited purpose of investigating the claim and drafting and filing a fifth amended complaint. (Doc. 51.) On December 6, 2019, Mr. Ikonte filed a Notice of Futility of Filing a Fifth Amended Complaint, which states that he and Plaintiff agreed a fifth amendment complaint is unnecessary. *Id.*

Plaintiff has filed another motion for appointment of counsel. (Doc. 78.) He again describes the case as "complex" and states: "Trial in this case will likely involv[e] conflicting testimony, and counsel would better enable Plaintiff to present evidence and cross examine witnesses." *Id.*

As this Court has stated repeatedly, Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the

1

Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). The Court may request the voluntary assistance of counsel under section 1915(e)(1). *Rand*, 113 F.3d at 1525. However, without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Id.*

The Court again does not find the required exceptional circumstances. Even assuming that Plaintiff is not well-versed in the law and that he has made serious allegations, which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily. At this stage in the proceedings, the Court cannot determine that Plaintiff is likely to succeed on the merits; the Court shall review of Plaintiff's Fourth Amended Complaint in due course. Moreover, based on a review of the record, the Court finds that Plaintiff remains able to articulate his claims adequately and advance this litigation.

For the foregoing reasons, the Court shall not entertain any further motions for appointment of counsel absent an exceptional change of circumstances. Accordingly, this Court **DENIES WITHOUT PREJUDICE** Plaintiff's motion for the appointment of counsel. (Doc. 78.)

IT IS SO ORDERED.

Dated: __**May 3, 2021**__ _____ **/s/ Jennifer L. Thurston**
                                                        CHIEF UNITED STATES MAGISTRATE JUDGE