UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO MARTINEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>D. DAVEY, et al.,<br><br>　　　　Defendants. | Case No. 1:16-cv-01658-JLT (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>(Doc. 85)<br><br>**14-DAY DEADLINE** |

The plaintiff claims that the defendants violated his Eighth Amendment claims because they were deliberately indifferent to the serious risk of harm he suffered due to his maltreated spinal cord tumors. (Doc. 56.) The defendants have filed a motion for summary judgment, in which they assert that the plaintiff failed to exhaust his administrative remedies before filing this action. (Doc. 85.) For the reasons set forth below, the Court RECOMMENDS that the motion for summary judgment be GRANTED.

I.　　**LEGAL STANDARDS**

　　**A.  Summary Judgment**

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of proving the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The moving party may

accomplish this by presenting evidence that negates an essential element of the non-moving party's case. *Id.* Alternatively, the movant can demonstrate that the non-moving party cannot produce evidence to support an essential element of his claim that must be proven at trial. *Id.*; Fed. R. Civ. P. 56(c)(1)(B). "[A] complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322–23.

If the moving party meets this initial showing, the burden shifts to the non-moving party to establish "specific facts showing a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The non-moving party cannot simply rely on the pleadings and conclusory allegations in an affidavit. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990); *see also Celotex*, 477 U.S. at 324. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, when deciding a motion for summary judgment, the court must view any inferences drawn from the underlying facts in a light most favorable to the non-moving party. *Id.*

The Ninth Circuit has "held consistently that courts should construe liberally motion papers and pleadings filed by *pro se* inmates and should avoid applying summary judgment rules strictly." *Soto*, 882 F.3d at 872 (quoting *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010)). While prisoners are relieved from strict compliance, they still must "identify or submit some competent evidence" to support their claims. *Soto*, 882 F.3d at 872. Plaintiff's verified complaint may serve as an affidavit in opposition to summary judgment if based on personal knowledge and specific facts admissible in evidence. *Lopez v. Smith*, 203 F.3d 1122, 1132 n.14 (9th Cir. 2000) (en banc).

**B. Exhaustion of Administrative Remedies**

The Prison Litigation Reform Act provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is

1    mandatory, and "unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199,
2    211 (2007). Inmates are required to "complete the administrative review process in accordance
3    with the applicable procedural rules, including deadlines, as a precondition to bringing suit in
4    federal court." *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006). The exhaustion requirement applies
5    to all inmate suits relating to prison life, *Porter v. Nussle*, 534 U.S. 516, 532 (2002), regardless
6    of the relief sought by the prisoner or offered by the administrative process. *Booth v. Churner*,
7    532 U.S. 731, 741 (2001).

8          The PLRA requires "proper exhaustion," which means that "the prisoner must complete
9    the administrative review process in accordance with the applicable procedural rules, including
10   deadlines, as a precondition to suing in federal court." *Woodford*, 548 U.S. at 88, 93. The rules
11   that must be followed, in other words, "are defined not by the PLRA, but by the prison grievance
12   process itself." *Jones*, 549 U.S. at 218. "The level of detail necessary in a grievance to comply
13   with the grievance procedures will vary from system to system . . . but it is the prison's
14   requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id.* The
15   exhaustion requirement allows prison officials to have an opportunity to resolve disputes before
16   the filing of a court action against them. *Id.* at 204.

17         The failure to exhaust administrative remedies is an affirmative defense that the
18   defendant must plead and prove. *Id.* at 204, 216. The defendant bears the burden of producing
19   evidence that proves a failure to exhaust; summary judgment is appropriate only if the
20   undisputed evidence, viewed in the light most favorable to the plaintiff, shows the plaintiff failed
21   to exhaust. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014). On a motion for summary
22   judgment, the defendant bears the initial burden of proving (1) the existence of an available
23   administrative remedy, and (2) the plaintiff failed to exhaust that remedy. *Id.* at 1172. If the
24   defendant makes this showing, the burden shifts to the prisoner to present evidence showing
25   "that there is something in his particular case that made the existing and generally available
26   administrative remedies effectively unavailable to him." *Id.* (citation omitted). A prisoner may
27   not file a complaint raising non-exhausted claims. *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th
28   Cir. 2010).

The ultimate burden of proof, however, remains with the defendant. *Albino*, 747 F.3d at 1172. "If a motion for summary judgment is denied, disputed factual questions relevant to exhaustion should be decided by the judge." *Id.* at 1170. If the court finds that remedies were not available, the prisoner exhausted available remedies, or the failure to exhaust available remedies should be excused, the case proceeds to the merits. *Id.* at 1171.

### C. CDCR Health Care Grievance Process

Plaintiff does not dispute that Defendants have met their initial burden of showing that an available administrative remedy exists. The California Department of Corrections and Rehabilitation has an administrative grievance system for prisoners to appeal a policy, decision, action, condition, or omission by the department or staff having an adverse effect on prisoner health, safety, or welfare. Cal. Code Regs. tit. 15, § 3084.1(a) (2016).[1] Compliance with 42 U.S.C. § 1997e(a) requires California state prisoners to utilize CDCR's grievance process to exhaust their claims prior to filing a lawsuit in court. *See Sapp v. Kimbrell*, 623 F.3d 813, 818 (9th Cir. 2010); *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002) (holding that exhaustion is a precondition to suit).

In 2016, the year relevant to Plaintiff's claims, California regulations required that inmates pursue administrative grievances through three levels of review to exhaust their administrative remedies. Cal. Code Regs. tit. 15, §§ 3084.1(b), 3084.7(d)(3) (repealed June 1, 2020)). Inmate health care appeals are processed slightly differently from non-health care appeals, although they also must proceed through the three formal levels.

The Health Care Correspondence and Appeals Branch ("HCCAB") is part of the California Correctional Health Care Services ("CCHCS"), and "receives, reviews, and maintains all health care appeals/grievances accepted for the final (headquarters) level of review in the inmate health care appeals/grievance process, and renders decisions on such appeals/grievances." (Hart Decl., Doc. 85-6 at ¶ 3.)

---

[1] Effective June 1, 2020, the new rules are set out in Cal. Code Regs. tit. 15, §§ 3480–3486. For purposes of these Findings and Recommendations, all citations refer to the version of the regulations effective at times relevant to Plaintiff's claims.

The amount of detail in an administrative grievance necessary to properly exhaust a claim is determined by the prison's applicable grievance procedures. *Jones v. Bock*, 549 U.S. 199, 218 (2007); *Ngo*, 548 U.S. at 90. California prisoners are required to lodge their administrative complaint on a CDCR-602 HC form for a health care matter (or CDCR-602 form for non-health care matters). The level of specificity required in the appeal is described by regulation:

> The inmate or parolee **shall list all staff member(s) involved** and shall describe their involvement in the issue. To assist in the identification of staff members, the inmate or parolee **shall include the staff member's last name, first initial, title or position, if known, and the dates of the staff member's involvement in the issue under appeal**. If the inmate or parolee does not have the requested identifying information about the staff member(s), he or she shall provide any other available information that would assist the appeals coordinator in making a reasonable attempt to identify the staff member(s) in question . . . The inmate or parolee shall state all facts known and available to him/her regarding the issue being appealed at the time of submitting the Inmate/Parolee Appeal form, and if needed, the Inmate/Parolee Appeal Form Attachment.

Cal. Code Regs. tit. 15, § 3084.2(a)(3)–(4) (emphasis added); *see also Sapp v. Kimbrell*, 623 F.3d 813, 824 (9th Cir. 2010) ("To provide adequate notice, the prisoner need only provide the level of detail required by the prison's regulations").

### III. DISCUSSION

From the beginning of Plaintiff's incarceration on October 8, 2016, to the filing of the original complaint of June 20, 2016, Plaintiff filed no health care appeals that identified Warden Davey by name or title or alleged his failure to provide medical treatment. (Moseley Decl., Doc. 85-4 at ¶ 7; Mendez Decl., Doc. 85-5 at ¶ 6; Hart Decl., Doc. 85-6 at ¶ 9.) During the same time, Plaintiff filed no health care appeals that identified J. Lewis by name or title. (Mendez Decl., Doc. 85-5; Hart Decl., Doc. 85-6 at ¶ 9.) Between June 9, 2016 and June 9, 2017, Plaintiff was placed on appeals restriction under Cal. Code Regs., tit. 15, § 3084.4 for abusing the administrative remedies process. (Mendez. Decl., Doc. 85-5 ¶ 7.)

In his response, Plaintiff indicates that his claims are based on his grievance and appeals log # SATF-HC 15062651, (Doc. 89), which are attached to the original complaint. (*See* Doc. 1-1.) Plaintiff argues that he exhausted his administrative remedies by appealing this grievance to

5

exhaustion. A review of log # SATF-HC 15062651 indicates that Plaintiff suffered from severe medical conditions and submitted numerous health care requests. (*See id.*) However, this grievance concerned the treatment he received from Dr. Scharffenberg, who is not a party to this action, for his spinal cord tumors. The grievance did not identify Dr. Lewis or Warden Davey, it did not provide enough information so their involvement could be discovered, and it did not describe their involvement in the alleged tortious conduct. (Doc. 1-1 at 4) In fact, it asserted solely that Dr. Scharffenberg failed to properly perform an MRI exam. Id. Consequently, log # SATF-HC 15062651 does not satisfy the requirements of section 3084.2. *See, e.g., Linder v. Soltenian*, No. 2:18-cv-2281-JAM-DMC-P, 2019 WL 5692952, at *8 (E.D. Cal. Nov. 4, 2019), adopted, No. 2:18-cv-2281-JAM-DMC-P, 2019 WL 6894284 (E.D. Cal. Dec. 18, 2019); *Wallace v. Ducart*, No. 16-CV-03798-SI, 2018 WL 4053485, at *12 (N.D. Cal. Aug. 24, 2018); *Parks v. Chappell*, No. C-13-4048 EMC (pr), 2015 WL 3466280 (N.D. Cal. 2015); *Martinez v. Swift*, No. C-13-3973 RS (pr), 2015 WL 1349525, at *2 (N.D. Cal. 2015).

Because Defendants have met their burden to show that Plaintiff failed to exhaust the administrative remedies available to him. Thus, the burden shifted to Plaintiff to come forward with evidence showing that the administrative remedies were unavailable to him. *See Albino*, 747 F.3d at 1172. Plaintiff does not argue this occurred, and the evidence demonstrates that Plaintiff frequently utilized the administrative remedies available to him during this time. Consequently, because he did not utilize and exhaust the administrative remedies as to his claims against Lewis and Davey prior to filing this action, summary judgment in their favor is appropriate.

**IV.   CONCLUSION**

For the foregoing reasons, the Court RECOMMENDS that Defendants' motion for summary judgment be GRANTED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the

specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 25, 2021**        **/s/ Jennifer L. Thurston**
                                  CHIEF UNITED STATES MAGISTRATE JUDGE