UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO MARTINEZ,<br><br>  Plaintiff,<br><br>  v.<br><br>D. DAVEY, et al.,<br><br>  Defendants. | No. 1:16-cv-1658-DAD-JLT (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>(Doc. Nos. 85, 97) |

Plaintiff Ricardo Martinez, a state prisoner proceeding *pro se* and *in forma pauperis*, filed this civil rights action brought pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 25, 2021, the assigned magistrate judge issued findings and recommendations, recommending that defendants' motion for summary judgment be granted. (Doc. No. 97.) The magistrate judge found that plaintiff had failed to exhaust his administrative remedies prior to filing suit as required by the Prison Litigation Reform Act ("PLRA"). (*Id.* at 2.) Specifically, the magistrate judge determined that although plaintiff pursued the inmate grievance and appeals attached to his complaint in this action but that those documents he submitted "did not identify Dr. Lewis or Warden Davey, [they] did not provide enough information so their involvement could be discovered, and [they] did not describe their involvement in the alleged tortious conduct." (*Id.* at 6 (citing Cal. Code Regs., tit. 15, § 3084.2).) Rather, plaintiff's grievance

concerned the treatment he allegedly received from another doctor not named as a defendant in this action. (*Id.*) Therefore, the magistrate judge concluded that defendants had met their burden of showing that plaintiff failed to utilize and exhaust the administrative remedies available to him as to his claims brought against the named defendants in this action. (*Id.* at 6.)

Plaintiff filed objections to the magistrate judge's findings and recommendations. (Doc. No. 98.) In his objections, plaintiff concedes that defendants have met their initial burden to show that an available administrative remedy exists. (*Id.* at 1.) Plaintiff argues, however, that he exhausted all available administrative remedies against defendant Lewis because Lewis signed and approved the denial of plaintiff's inmate grievance at the third and final level of review. (*Id.* at 2.) However, the law is clear that plaintiff cannot pursue any claims against a prison official based solely on their processing and review of his inmate appeals. Plaintiff does not have a constitutionally protected right to have his appeals accepted or processed. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). The prison grievance procedure does not confer any substantive rights upon inmates and actions in reviewing appeals cannot serve as a basis for liability under 42 U.S.C. § 1983. *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir.1993); *see also Wright v. Shannon*, No. 1:05-cv-01485-LJO-YNP (PC), 2010 WL 445203, at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable claim under the First Amendment). Thus, a denial or refusal to process an inmate grievance is not a constitutional violation. *Rushdan v. Gear*, No. 1:16-cv-01017-BAM (PC), 2018 WL 2229259, at *6 (E.D. Cal. May 16, 2018). Accordingly, summary judgment in favor of defendant Lewis.[1]

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including plaintiff's objections, the court finds the findings and recommendations to be supported by the record and proper analysis.

/////

---

[1] In his objections, plaintiff does not address exhaustion and the entry of summary judgment in favor of defendant Davey.

Accordingly,

1. The findings and recommendations issued on August 25, 2021 (Doc. No. 97) are adopted in full;
2. Defendants' motion for summary judgment (Doc. No. 85) is granted; and
3. The Clerk of the Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: **September 30, 2021**

*Dale A. Drozd*
UNITED STATES DISTRICT JUDGE